**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| White Pacific Securities, Inc., Robert T. Angle and Arthur M. Quintero, <br><br>           Plaintiffs, <br> v. <br><br> Daniel Gulak, <br><br>           Defendant. | Case No: <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiffs White Pacific Securities, Inc. ("WPS"), Robert T. Angle ("Angle") and Arthur M. Quintero ("Quintero," collectively referred to herein as "Plaintiffs"), by their attorneys, complain against Defendant Daniel Gulak ("Defendant") as follows:

**NATURE OF THE ACTION**

1.  Defendant claims to have been defrauded by Southfork Securities Company ("Southfork"), an investment firm located in El Dorado Hills, California. To recover the losses he claims to have suffered at the hands of Southfork, on or about August 29, 2011 Defendant instituted Financial Industry Regulatory Authority ("FINRA") Arbitration Claim No. 11-03381, styled *Daniel Gulak v. White Pacific Securities, Inc., Patrick S. Nelson, Robert T. Angle and Arthur M. Quintero* (the "Arbitration").

2.  In the Arbitration, Defendant asserts claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, violations of certain FINRA rules and *respondeat superior*.

3.  Plaintiffs seek a preliminary and permanent injunction restraining Defendant from pursuing claims against Plaintiffs in the Arbitration before FINRA. Plaintiffs cannot be compelled to arbitrate because they never agreed to arbitrate.

4.      In short, the controversy between Plaintiffs and Defendant is not one that is subject to an agreement to arbitrate between Plaintiffs and Defendant.  Nor is the controversy between Plaintiffs and Defendant subject to an agreement to arbitrate between Plaintiffs and the self regulatory organization, FINRA.  (FINRA Rule 12200 requires a member firm such as WPS to arbitrate "customer" grievances.  Arbitration, in that instance, is by virtue of the agreement between the broker-dealer and the self regulatory organization, FINRA.  However, Defendant is not WPS's "customer" within the meaning of FINRA Rule 12200.)

5.      Because arbitration is purely a creature of contract, and Defendant does not and cannot allege that he is or was party to an arbitration agreement with Plaintiffs, Defendant cannot require Plaintiffs to arbitrate the perceived dispute between them.  There is no legal basis upon which Plaintiffs can be forced to arbitrate the claims Defendant has brought against them in the FINRA proceeding, and Defendant's continued pursuit of his claims against Plaintiffs in that forum should be halted forthwith.

6.      Plaintiffs also seek a declaratory judgment that they have not breached any duty to Defendant, that they are not liable for any losses allegedly incurred by Defendant, and that Plaintiffs Angle and Quintero were not "control persons" of WPS at the time of the disputed investment.

**PARTIES**

7.      Plaintiff WPS is a FINRA broker-dealer and a corporation organized and existing under the laws of Nevada, with a principal place of business in San Francisco, California.

8.      Plaintiff Robert T. Angle, is an individual, the current President of WPS and a resident of California.  Plaintiff Arthur M. Quintero is an individual, the current Chief Compliance Officer of WPS and a resident of California.

9.  Plaintiffs Angle and Quintero are named in the underlying FINRA Arbitration in their alleged capacities of control persons of WPS at the time of the sale of the disputed investment. However, Angle and Quintero were not a control persons of WPS at the time of the disputed investment, had no control over WPS, and in any event the investment was not sold through WPS.

10. Upon information and belief, the Defendant is a resident and citizen of the State of New Jersey.

## JURISDICTION AND VENUE

11. This is an action for declaratory and injunctive relief pursuant to Federal Rules of Civil Procedure 57 and 65, and 28 U.S.C. §§2201 and 2202.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Specifically, Plaintiffs are citizens of California and Defendant is a citizen of New Jersey. In the FINRA Arbitration, the Defendant seeks damages from Plaintiffs in amounts exceeding the jurisdictional minimum.

13. This Court has personal jurisdiction over the Defendant in that his claims asserted against Plaintiffs in the FINRA Arbitration arise out of an investment Defendant made with or through Southfork which, upon information and belief, transacted business with Defendant out of its principal place of business in El Dorado Hills, California.

14. Venue is proper in this judicial district under 28 U.S.C. §1391(a) (2), in that a substantial part of the events or omissions giving rise to the controversy between Plaintiffs and Defendant occurred within this judicial district. Upon information and belief, it was in this judicial district, if any, that Southfork engaged in the conduct alleged to have caused Defendant's losses, and it is the venue where Southfork maintained its principal place of business.

## FACTS COMMON TO ALL COUNTS

15. In the FINRA Arbitration, Defendant alleges that the investment he made through Southfork was lost.

16. Specifically, Defendant alleges that Southfork ran his investment in a "Ponzi-like scheme."

17. Defendant alleges that Plaintiffs "sold" him the Southfork investment "via a series of contracts, part written and part oral," and thus claims that Plaintiffs are liable for the loss he allegedly suffered at the hands of Southfork. The alleged "series of contracts" are not attached to Defendant's Arbitration claim.

18. Plaintiffs deny any and all liability for Defendant's claims. Upon information and belief, Defendant has never entered into any agreement, formal or informal, with any Plaintiff; has never opened, maintained, controlled or traded in an account with Plaintiff WPS; and has never deposited cash or other assets into a trading account maintained at Plaintiff WPS.

## COUNT I

## DECLARATORY RELIEF

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as though fully set forth herein.

20. As the FINRA Arbitration makes clear, an actual case or controversy exists between Plaintiffs and Defendant. Defendant alleges that Plaintiffs have breached one or more legal duties and are therefore liable to Defendant for the losses he claims to have suffered as a result of Southfork's fraud. Plaintiffs deny that they have breached any legal duty owed Defendant and deny that they are liable for Defendant's alleged losses or any portion thereof.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant:

(i) declaring the respective rights and obligations of the parties pursuant to 28 U.S.C. §2201(a) including, but not limited to, that Plaintiffs have not breached any duty to Defendant, that Plaintiffs are not liable for any losses allegedly incurred by Defendant, and that Plaintiffs Angle and Quintero were not "control persons" of WPS at the time of the disputed investment;

(ii) awarding Plaintiffs their costs of suit; and,

(iii) granting such other relief as may be just and proper under the circumstances.

## COUNT II

## INJUNCTIVE RELIEF

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiffs have not consented to arbitrate any dispute with the Defendant.

23. Although WPS is a member of FINRA, Defendant is not a "customer" of WPS within the meaning of FINRA Rule 12200, which requires member firms to arbitrate customer disputes at the request of a customer.

24. Defendant has asserted claims for money damages against Plaintiffs in the Arbitration and, unless enjoined, will continue to pursue such claims to award and judgment.

25. Unless Defendant is enjoined, Plaintiffs will suffer irreparable harm in that Plaintiffs will be obliged to defend themselves in the Arbitration or risk an adverse outcome in that proceeding. Being compelled to arbitrate a dispute one has not agreed to arbitrate constitutes irreparable harm as a matter of law.

26. Plaintiffs have no adequate remedy at law, in that any post-award challenge by Plaintiffs to an arbitrator's award in the Arbitration would still require Plaintiffs in the first instance to defend themselves in an arbitration proceeding to which they did not consent.

27. Defendant will suffer no irreparable harm in the event that an injunction issues, in that Defendant will still be able to pursue his alleged claims against Plaintiffs in an appropriate judicial forum.

28. The balance of equities tips decidedly in favor of Plaintiffs which, if no injunction issues, would be forced to defend themselves in a forum to which they did not consent.

29. The public interest would be served by prohibiting Defendant from pursuing his claims against Plaintiffs in a forum to which Plaintiffs did not consent, and requiring Defendant to pursue such claims, if at all, in an appropriate judicial forum.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

(i) preliminarily and permanently enjoining Defendant from pursuing any claims against Plaintiffs in the Arbitration,

(ii) prohibiting Defendant from initiating or prosecuting any new or additional claims against Plaintiffs other than in a court of competent jurisdiction,

(iii) awarding Plaintiffs their costs of suit; and,

(iv) granting such other relief as may be just and proper.

Dated: November 11, 2011                Respectfully Submitted,

By:     /s/ *Christopher Mader*
Patrick Baldwin, Esq. (#93337)
Christopher Mader, Esq. (#199605)
BALDWIN LAW GROUP
530 Oak Grove Avenue, Suite 207
Menlo Park, CA 94025
Tel. 650.326.8195
Fax 650.326.0467
cmader@baldwinlawgroup.com
*Attorneys for Plaintiffs White Pacific Securities, Inc., Robert T. Angle, and Arthur M. Quintero*