IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITE PACIFIC SECURITIES, et al., | No. C -11-06344 EDL |
| Plaintiffs, | **ORDER RE: PLAINTIFFS' EX PARTE APPLICATION (DOCKET NO. 31)** |
| v. | |
| DANIEL GULAK, | |
| Defendant. | |

On Friday, March 9, 2012, Plaintiffs filed an Ex Parte Application seeking an extension of the Monday, March 12, 2012 deadline to file an opposition to Defendant's Motion to Dismiss. Defendant's Motion to Dismiss is set for hearing on April 17, 2012. Plaintiffs argued that an extension was warranted because Plaintiff White Pacific Securities had ceased day-to-day operations during the week of March 5, 2012, which might require amendment of the complaint, and that Plaintiffs' lead counsel was away from the office for the week of March 5, 2012.

Although Plaintiffs cited no basis for bringing an ex parte application as required under Civil Local Rule 7-10, the Court concluded that Plaintiffs had presented an urgent request and construed the ex parte application as a Motion for Administrative Relief under Civil Local Rule 7-11. Given the urgency of the matter, the Court called Defendant's counsel to inquire whether Defendant would be opposing Plaintiffs' application. The Court was not aware that Defendant's counsel was traveling at the time. Having not heard from Defendant's counsel, and having received numerous calls from Plaintiffs regarding this matter, the Court granted Plaintiffs' ex parte request. When Defendant's

counsel informed the Court that Defendant would oppose the ex parte request, the Court ordered the parties to meet and confer and permitted Defendant to file an opposition no later than March 12, 2012. Defendant timely filed an opposition to Plaintiffs' ex parte application.

Defendant provided three grounds for its argument that the Court should vacate its March 9, 2012 Order granting Plaintiffs' ex parte request. First, Defendant is correct that Plaintiffs improperly filed an ex parte application under Local Rule 7-10. However, as stated above, the Court has construed Plaintiffs' application as a Motion for Administrative Relief. Second, Defendant argues that Plaintiffs failed to meet and confer before filing the ex parte application. The Court is troubled that it appears that Plaintiffs did not inform Defendants of all of the reasons for the requested extension of the opposition filing date that were presented to the Court. In particular, Defendant has presented evidence that appears to show that in communications with Defendant, Plaintiffs based their request for an extension solely on the press of business, not on the assertion that White Pacific Securities was ceasing business. Thus, no later than March 21, 2012, Plaintiffs shall file a declaration from the person most knowledgeable at White Pacific Securities regarding the status of that entity. By granting Plaintiffs' ex parte application, the Court was not expressing any opinion as to whether amendment of the complaint would be appropriate. Third, Defendant presented evidence that Plaintiffs' only reason for requesting a continuance of the deadline for opposing Defendant's Motion to Dismiss was that: "We need the extra two weeks as we are extremely busy on several other matters." Hornstein Decl. Ex. A. The Court based its ruling on Plaintiffs' ex parte application on Plaintiffs' representation that White Pacific Securities had ceased day-to-day operations, not that counsel had been busy or away from the office, which is not a good reason to continue a filing deadline absent a showing, that has not been made here, that counsel was truly unavailable to address Defendant's motion.

Although the Court is troubled by Plaintiffs' apparent failure to adequately meet and confer before filing the improper ex parte application, Defendant has not made a showing to justify vacating the Court's March 9, 2012 Order. In particular, Defendant has not asserted any prejudice that would result from the continued briefing schedule. Moreover, under the new schedule, Defendant has an additional day to file a reply to the Motion to Dismiss than it did under the original

schedule.  Therefore, Defendant's request to vacate the March 9, 2012 Order is denied.

**IT IS SO ORDERED.**

Dated: March 14, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge